UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN GIL,<br><br>       Plaintiff,<br><br>   v.<br><br>STATE OF NEW JERSEY, STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL DEPARTMENT OF LAW AND PUBLIC SAFETY DIVISION OF CRIMINAL JUSTICE CASINO PROSECUTIONS SECTION, NEW JERSEY STATE POLICE, RIH ACQUISITIONS, NJ LLC, t/a or d/b/a ATLANTIC CITY HILTON CASINO RESORT, COLONIAL CAPITAL, LLC, DETECTIVE I.G.P. HANEMANN, and DETECTIVE SERGEANT JA MAGER,<br><br>       Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 12-701<br>(JEI/AMD)<br><br>**OPINION** |

**APPEARANCES**:

MORTON S. MINSELY, ESQ.
By: Morton S. Minsely
101 Lafayette Street
10th Floor
New York, NY, 10013
     Counsel for Plaintiff

MARKS, O'NEILL, O'BRIEN & COURTNEY, PC
By: Michael A. Kosar
6981 N. Park Drive
Suite 300
Pennsauken, NJ 08110
     Counsel for Defendant RIH Acquisitions, NJ LLC

**IRENAS**, Senior District Judge:

This suit, alleging, inter alia, false arrest and malicious

prosecution, comes before the Court on Defendant RIH Acquisitions,

NJ LLC's ("RIH") motion to dismiss (Dkt. No. 6) and Plaintiff's

subsequent cross-motion to amend its complaint (Dkt. No. 11).   For the reasons that follow, Defendant's motion is granted and Plaintiff's is denied.[1]

**I.[2]**

On February 6, 2011, Plaintiff visited the Atlantic City Hilton Casino Resort to gamble, eat, and drink.[3]   (Compl. ¶ 19) While on the premises, security personnel employed by the resort informed Plaintiff that he had wrongfully received $7,500 after cashing in $6,500 worth of chips during a previous visit on January 21, 2011.   (Compl. ¶ 20)   The security personnel took Plaintiff to a holding area from where they informed the New Jersey State Police of the incident. (Compl. ¶ 24)   Defendants Detectives G.P. Hanemann and J.A. Mager subsequently arrived and were shown a casino recording depicting Plaintiff cashing in $6,500 worth of chips and

---

[1] This Court has jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. § 1331 and his common law claims against the non-governmental defendants pursuant to 28 U.S.C. § 1367(a) ("...[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

[2] Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. v. White Consol. Indus.*, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[3] Plaintiff was a regular customer of the casino, having received an "Elite Player" card in recognition of past patronage. (Pl.'s Cert. ¶ 5.)

receiving $7,500.   (Pl.'s Br. Ex. C. New Jersey State Police Investigation Report at 3)   The Detectives then arrested Plaintiff on casino premises. (Compl. ¶ 25)

Plaintiff appeared before the Atlantic City Municipal Court for his initial appearance.[4]   (Compl. ¶ 28)   On April 14, 2011, the prosecutor, deciding that guilt could not be proven beyond a reasonable doubt, dismissed the lone charge of Theft By Unlawful Taking or Disposition, N.J.S.A. § 2C:20-3. (Compl. ¶ 29)   Plaintiff filed the instant complaint on February 3, 2012.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."   In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all of the plaintiff's allegations, and view them in the most favorable light, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.   *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).   The complaint must state sufficient facts to show

---

[4] Neither the date nor nature of the appearance is alleged.

3

that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III.

Defendant RIH moves to dismiss Plaintiff's false arrest and malicious prosecution claims, two separate and distinct causes of action. *Cooke v. J.J. Newberry & Co.*, 96 N.J. Super. 9, 12-13 (App. Div. 1967). Each is handled in turn.

A. False Arrest[5]

The tort of false arrest lies upon the unlawful restraint of a man's "freedom of locomotion." *Earl v. Winne*, 14 N.J. 119, 128 (1953). There are two elements required to bring such an action: (1) constraint of the person against his will (2) that is without legal justification. *Pine v. Okzewski*, 112 N.J.L. 429, 431 (E.& A. 1934); *Barletta v. Golden Nugget Hotel Casino*, 580 F. Supp. 614, 617 (D.N.J. 1984).

Although Plaintiff plausibly alleges that he was restrained by

---

[5] "False imprisonment and false arrest ... are merely separate names for the same tort." *Roth v. Golden Nugget Casino/Hotel, Inc.*, 576 F. Supp. 262, 265 (D.N.J. 1983).

casino employees,[6] he fails to allege constraint that lacks legal justification.  N.J.S.A. § 5:12-121 allows a casino employee to "question any individual in the casino ... who is reasonably suspected of" recovering money by trick or fraud.  *See also* N.J.S.A. § 5:12-113.  The Court finds that casino employees had reasonable suspicion to question Plaintiff when they viewed the recording showing him recover $1,000 more than the value of the chips he returned.  Because inquiring about this incident was justified, Plaintiff's claim for false arrest fails.

B. Malicious Prosecution

A malicious prosecution cause of action has four elements: (1) a criminal action was instituted by the defendant against the plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff.  *Lind v. Schmid*, 67 N.J. 255, 262 (1975).  "The plaintiff must establish each element and that, upon failure to prove any one, the cause must fail." *Id*.

In the instant case, Plaintiff's claim fails because he does not plausibly allege that Defendant RIH acted out of malice. "Malice . . . is defined as the intentional doing of a wrongful act without just cause or excuse." *LoBiondo v. Schwartz*, 199 N.J. 62, 93-94 (2009) (quotations omitted).  "Actual malice in the context

---

[6] *See Earl*, 14 N.J. at 127 ("If the words or conduct are such as to induce a reasonable apprehension of force and the means of coercion is at hand, a person may be as effectually restrained and deprived of liberty as by prison bars.").

of malicious prosecution is defined as either ill will in the sense
of spite, lack of belief by the actor himself in the propriety of
the prosecution, or its use for an extraneous improper purpose."
*Morales v. Busbee*, 972 F. Supp. 254, 261 (D.N.J. 1997).

The Complaint does not include any factual matter indicating
ill will nor an extraneous and improper purpose on behalf of the
casino employees.  Defendant, through its agents, brought to the
Detectives' attention the occurrence of the overpayment and the
recording showing Plaintiff's receipt thereof.  Although malice may
be plead generally, *see* Fed. R. Civ. P. 9(b), the Complaint is
completely devoid of any facts indicating misconduct.  Because
Plaintiff fails to plausibly allege this required element, his
claim is dismissed.

C. Motion for Leave to Amend

Defendant moves this Court to amend his Complaint to add two
additional claims against Defendant RIH: conspiracy and intentional
infliction of emotional distress.  Although leave is often
appropriate to cure a vulnerable complaint, a court can deny the
motion if an amendment would be inequitable or futile.  *Grayson v.
Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  The Court
finds Plaintiff's proposed amendments futile.

Plaintiff seeks to allege that casino employees conspired with
Detectives Hanemann and Majer to unlawfully imprison and prosecute
Plaintiff.  (Am. Compl. ¶¶ 97-100) For a conspiracy to exist, there
must be an agreement between two or more individuals acting in

concert to commit an unlawful act or a lawful act by unlawful
means. *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005).
In the instant case, Plaintiff does not allege any facts that
describe casino employees conspiring with law enforcement officials
to bring about an agreed upon wrong.  Furthermore, Plaintiff's own
exhibit indicates that the Detectives determined, after personally
reviewing the recorded footage, that probable cause existed to
arrest Plaintiff. (Pl.'s Br. Ex. C. New Jersey State Police
Incident Report at 3)  Plaintiff's allegation that this conclusion
was merely the product of a conspiracy is wholly unsupported and
therefore fails to meet the plausibility standard required at the
present stage.

An attempt by Plaintiff to claim intentional infliction of
emotional distress would meet a similar end.  In order for
Plaintiff to state such a cognizable claim, he must allege: (1)
intentional conduct; (2) that was extreme and outrageous; (3)
proximately causing emotional distress; (4) that was severe.
*DeAngelis v. Hill*, 180 N.J. 1, 20 (2004).  Plaintiff argues that
the casino employees' reporting of the missing $1,000, and their
showing of the footage to law enforcement, constitutes extreme and
outrageous conduct.  Plaintiff's argument is without merit.  *See*
*Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 365-67 (1988)
(holding that the requisite conduct required to state a claim for
intentional infliction of emotional distress "must be so outrageous
in character, and so extreme in degree, as to go beyond all

7

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community").

Because pursuit of either of the proposed amendments would be futile, Plaintiff's motion to amend is denied.

## IV.

In light of the foregoing, Defendant RIH's motion is granted and Plaintiff's is denied.  Defendant RIH is terminated as a party to this suit.  An Order will accompany this opinion.

Dated: 6/19/12

JOSEPH E. IRENAS, S.U.S.D.J.

8